# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HONG KHUN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 09–5202 |
| JANET NAPOLITANO, et al. | : | |
| Defendants. | : | |

## MEMORANDUM RE: MOTION TO DISMISS AS MOOT

**Baylson, J.**                                                                                                                         May 27, 2010

Plaintiff Hong Khun commenced this action, alleging that the United States Citizenship and Immigration Services ("CIS") failed to timely process his application for naturalization, and seeking a hearing on his naturalization application under 8 U.S.C. § 1447(b), and an order that the CIS issue a decision on this matter within thirty days. (Compl., Docket No. 1.) While the matter was pending before this Court, CIS denied Khun's application. Presently before the Court is the government's Motion to Dismiss as Moot (Docket No. 9), which contends that because Khun's application has been adjudicated, the Court lacks subject matter jurisdiction over this action. For the reasons that follow, the Court will grant the government's Motion and remand the matter to the CIS.

## I. Facts and Procedural Background

Khun, a native and citizen of Cambodia, has been a Lawful Permanent Resident of the United States since March 10, 2006. (Compl. ¶¶ 1–2, & Ex. A.) On January 3, 2007, Khun enlisted in the United States Army, and is a Military Occupations Specialist. (Compl. ¶¶ 3, 11, & Ex. B.) On May 24, 2007, Khun filed a Form N–400 Application for Naturalization based on

qualifying military service, with the CIS's Nebraka Service Center. (Compl. ¶ 12, Ex. C.) Subsequently, Khun's application was transferred first to CIS's Bangkok, Thailand office, when Khun was stationed in South Korea, and then to CIS's Philadelphia office, when Khun was transferred to Fort Lee, Virginia. (Compl. ¶¶ 15–17.) On September 25, 2008, Khun was interviewed.[1] (Compl. ¶ 21–22.) On May 8, 2009, CIS sent Khun a Notification of Processing Delay indicating that his application had not been adjudicated because his background checks were pending. (Mot. to Dismiss, Ex. A, at 1.) On December 7, 2009, CIS then sent Khun a notice of Continuance, which requested that Khun complete and return an updated request to initiate a military search, which was required of applicants serving in the armed forces. (Mot. to Dismiss, Ex. A, at 2.) Khun returned the form to CIS a week later. (Mot. to Dismiss, Ex. A, at 2.)

On November 24, 2009, more than 120 days after his interview, Khun filed his complaint in this lawsuit pursuant to 8 U.S.C. § 1447(b). His complaint alleges that the government's failure to adjudicate his application within 120 days of his interview, violated 8 U.S.C. § 1447(b), the Administrative Procedures Act, and the "law of Mandamus." (Compl. ¶¶ 25–34.) On March 9, 2010, while the matter was pending before this Court, CIS informed Khun that his application had been denied because he had an "open dossier with the military," meaning that "an investigation by the Army [wa]s ongoing," and thus, that he could not meet his burden of showing that he had the "requisite good moral character for naturalization." (Mot. to Dismiss, Ex. A.)

---

[1]The parties agree that the word "examination" in section 1447(b) refers to the applicant's interview, meaning that section 1447(b) entitled him to file a petition seeking adjudication of his naturalization application 120 days after his September 25, 2008 interview, if the CIS had not yet done so. (Mot. to Dismiss 4; Compl. ¶ 26.)

On March 29, 2010, the government filed its Motion to Dismiss as Moot.

## II.     Legal Standards

"Article III of the Constitution limits the judicial power of the United States to the resolution of 'Cases' and 'Controversies,' . . . . and [n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal–court jurisdiction to actual cases or controversies." Hein v. Freedom from Religion Found., Inc., 551 U.S. 587, 597-598 (2007) (internal quotation marks and citations omitted). Therefore, "[w]hen the issues presented in a case are no longer 'live' or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the [district] court no longer has subject matter jurisdiction." Weiss v. Regal Collections, 385 F.3d 337, 340 (3d Cir. 2004). The main question in determining mootness "is whether a change in circumstances since the beginning of the litigation precludes any occasion for meaningful relief." Old Bridge Owners Coop. Corp. v. Twp. of Old Bridge, 246 F.3d 310, 314 (3d Cir. 2001).

## III.    Discussion

The only question presented by the government's Motion to Dismiss is whether CIS's denial of Khun's naturalization application moots this case. Section 1447(b) of Title 8 of the United States Code provides as follows:

> If there is a failure to make a determination under section 1447 of this title before the end of the 120–day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Courts are split as to what type of "jurisdiction over the matter" section 1447(b) confers

upon the district court, and neither the Supreme Court nor the Third Circuit has addressed the issue. The first line of cases, which Khun urges the Court to follow (Resp. 5–10), holds that section 1447(b) confers exclusive jurisdiction on the district court, meaning that after a section 1447(b) petition has been filed, any action the CIS takes on the underlying application for naturalization is void. This view is held by the Second, Fourth, and Ninth Circuits. See Bustamente v. Chertoff, 582 F.3d 403 (2d Cir. 2009); Etape v. Chertoff, 497 F.3d 379 (4th Cir. 2007); United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004). This Court is aware of only one case from this District that has addressed the question of what type of jurisdiction the district court exercises over 1447(b) petitions, that being Costello v. Chertoff, No. 06–4281, Order, Docket No. 16 (E.D. Pa. Nov. 28, 2007) (Davis, J.), in which Judge Legrome Davis of this District held that section 1447(b) confers exclusive jurisdiction on the district court.

This first line of cases has interpreted the statutory language granting the district court the power to "either determine the matter or remand the matter" as "show[ing[ that Congress intended to vest power to decide languishing naturalization applications in the district court alone, unless the court chooses to 'remand the matter' to the [CIS], with the court's instructions." Hovsepian, 359 F.3d at 1160. Under this view, the statute's "remand" language would be rendered mere surplusage "to provide for a 'remand' to the [CIS] 'to determine the matter' if the [CIS] retained jurisdiction 'to determine the matter' all along." Id. In addition, cases holding that section 1447(b) confers exclusive jurisdiction on district courts, have emphasized that this conclusion is consistent with the overall statutory scheme, which provides for de novo district court review of the CIS's denial of naturalization applications, and is "intended to streamline the process of applying for naturalization and intended to reduce the burdens on courts and the

-4-

[CIS]." Id. at 1162–63.

The opposite conclusion, however, has been reached by a second line of cases, which hold that the district court and the CIS exercise concurrent jurisdiction over a section 1447(a) petition, meaning that the CIS's adjudication of the underlying petition moots the district court proceeding. See, e.g., Hassan v. Holder,, 638 F. Supp. 2d 329 (E.D.N.Y. 2009); Bello–Camp v. Att'y Gen., No. 08–0885, 2009 WL 813146 (M.D. Fla. Mar. 26, 2009); Rangoonwala v. Swaana, No. 08–21588, 2008 WL 5070299 (S.D. Fla. Nov. 25, 2008); Xie v. Mukasey, 575 F. Supp. 2d 963 (E.D. Wis. 2008); Kim v. Gonzales, No. 07–1817, 2008 WL 1957739 (D. Colo. May 5, 2008). This view is shared by Judge Peter Sheridan, another judge in the Third Circuit. See Perry v. Gonzales, 472 F. Supp. 2d 623 (D.N.J. 2007) (Sheridan, J.). The government "respectfully submits that the arguments in favor of concurrent jurisdiction are persuasive and meritorious." (Mot. to Dismiss 5.)

The cases concluding that the CIS and the district court have concurrent jurisdiction over a section 1447(b) petition reason that "[t]he absence of the word 'exclusive' in the phrase, 'The district court shall have jurisdiction over the matter,' leaves open the possibility that the agency retains concurrent jurisdiction over the 'matter' during the pendency of a [section] 1447(b) action." Id. at 624 (internal quotation marks omitted). Under this view, the "express purpose" of section 1447(b) "was to reduce delays in the processing of naturalization applications," and practically speaking, "concurrent jurisdiction is the best way to effectuate this purpose," by "defer[ring to the expertise of [the CIS] [rather] than to have [the district court] adjudicate [a naturalization] application without the benefit of a fully–developed administrative record." Id.

Rather than adding to the split in the case law by weighing in on this thorny issue,

regardless of what type of jurisdiction the district court has over a section 1447(b) petition, this Court declines to determine the matter on the merits and will remand to the CIS.[2] If section 1447(b) confers concurrent jurisdiction on district courts, the Court would dismiss Khun's petition as moot or not meriting review at this time, given that the Court does not have a full administrative record to review, and Khun could pursue his administrative remedies prior to seeking de novo review in this Court of the denial of his naturalization application. On the other hand, if section 1447(b) confers exclusive jurisdiction on district courts, meaning that the CIS's denial of Khun's naturalization application is void, this Court would still remand this matter to the CIS for entry of its denial decision and the beginning of administrative appeal proceedings, given the CIS's administrative expertise. Thus, under either concurrent or exclusive jurisdiction, this Court finds no grounds at this time to disturb the CIS's initial adjudication.

## IV. Conclusion

For the reasons detailed above, the Court will grant the government's Motion to Dismiss, and remand the matter to the CIS for continued administrative processing. An appropriate Order follows.

O:\CIVIL 09-10\09-5202 Khun v. Napolitano\Khun Motion to Dismiss Memo.wpd

---

[2]The government argues that, in a telephone conference on March 9, 2010, the government advised the Court that the agency stood prepared to issue a decision immediately and that "[n]o objection was heard from plaintiff," which amounted to a "remand, entirely appropriate under even an exclusive–jurisdiction approach." (Mot. to Dismiss 6.) Although the Court finds that remand is appropriate, it expresses no view as to whether or not the prior telephone conference constitutes a remand, which Khun disputes. (Resp. 9.) In any event, CIS should act as promptly as possible. If there is unnecessary delay, Khun may seek relief in this Court.